UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NISSA FAJER,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>KAUFMAN, BURNS & ASSOCIATES,<br><br>　　　　　　Defendant. | **COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiffs, Nissa Fajer ("Plaintiffs"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, Kaufman, Burns & Associates ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiffs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2. Plaintiffs are natural persons residing in the Corvallis, Oregon.

3. Plaintiffs are allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Amherst, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

12. Defendant's agent never disclosed to Plaintiff the he was calling from a debt collection company.

13. Defendant's agent represented himself as an attorney.

14. Defendant threatened criminal charges against Plaintiff.

15. Defendant threatened a lawsuit against the Plaintiff.

16. Defendant would contact Plaintiff at place of employment, even after told Plaintiff was not to be contacted.

17. Defendant contact a third party and indicated that Defendant would come after Plaintiff.

18.   Defendant is trying to collect on an amount that is higher then the true amount of the debt.

## CLAIM FOR RELIEF

19.   Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(1) of the FDCPA by contacting a third party and failing to identify themselves or failing to state that collector is confirming or correcting location information.

   b. Defendant violated §1692b(3) of the FDCPA by contacting a third party more then once.

   c. Defendant violated §1692c(a)(1) of the FDCPA by calling at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm.

   d. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at place of employment when knowing that employer prohibits such communications.

   e. Defendant violated §1692c(B) of the FDCPA by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

   f. Defendant violated §1692d of the FDCPA by conducting with a natural consequence of which to harass, oppress, or abuse any person.

   g. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   h. Defendant violated §1692e of the FDCPA by falsely, deceptively, or misleading representation or means in connection with the debt collection.

    i. Defendant violated §1692e(3) of the FDCPA by stating Defendant's agent is an attorney or that any communication is from and attorney.

    j. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to by taken.

    k. Defendant violated §1692e(7) of the FDCPA by stating consumer committed any crime or other conduct in order to disgrace the consumer.

    l. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt because Defendant calls Plaintiffs and does not disclose the caller's identity.

    m. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt because Defendant calls Plaintiffs and fails to disclose that the call is from a debt collector.

    n. Defendant violated §1692f of the FDCPA by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

    o. Defendant violated §1692f(1) of the FDCPA by attempting to collect any amount not authorized by the agreement creating the debt or permitting by law.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit A hereto.

21. Plaintiffs are entitled to her attorney's fees and costs incurred in this action.

22. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:      August 10, 2009

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, Nissa Fajer, hereby demand a jury trial in this matter.

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I believe my constant nervousness contributes to my chronic heartburn._

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 8-4-08

Signed Name: [signature]

Printed Name: Nissa M. Fajer