UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NISSA FAJER,

        Plaintiff,
  v.              **DECISION AND ORDER**
                       09-CV-716S
KAUFMAN, BURNS & ASSOCIATES,

        Defendant.

## I. INTRODUCTION

On August 14, 2009, Plaintiff filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Defendant failed to appear and defend this action, which resulted in the Clerk of the Court entering default on February 12, 2010. Presently before this Court is Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1] For the following reasons, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff Nissa Fajer incurred a consumer debt that Defendant Kaufman, Burns & Associates ("Kaufman") attempted to collect. (Complaint, Docket No. 1, ¶¶ 3, 5.) Kaufman is a "debt collector" within the meaning of the FDCPA. (Id. at ¶ 5.)

The factual allegations contained in Plaintiff's complaint are sparse. Fajer alleges that an agent from Kaufman continuously called her to demand payment of the debt, but never properly identified himself to Fajer as a debt collector and, instead, represented

---

[1] The submissions relating to this motion are filed at docket number 6.

1

himself as an attorney. (Id. at ¶¶ 11, 12, 13.) Fajer also alleges that Kaufman threatened her with criminal charges and legal action if she did not pay the debt, and, further, told a third party that Kaufman representatives would "come after" Fajer for payment. (Id. at ¶¶ 14, 15, 17.) Fajer asserts that she received collection calls from Kaufman at her workplace, despite having told Kaufman not to call her there. (Id. at ¶ 16.) Fajer further asserts that Kaufman sought payment of an amount of money higher than the actual amount of her debt. (Id. at ¶ 18.)

## III. DISCUSSION

### A. Default Judgment Standard

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See FED. R. CIV. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence

2

presented are drawn in the moving party's favor.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

**B.     Liability**

Fajer asserts that Kaufman's conduct violates a number of provisions in the FDCPA. Based on the undisputed facts taken as true, this Court concurs.

Kaufman's repeated calls to Fajer violated § 1692d, which makes it generally unlawful for a debt collector to engage in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." As a specific example, the statute prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d (5).  Here, Fajer makes a conclusory allegation that Kaufman called her "constantly and continuously" without alleging the number of calls that she in fact received from Kaufman.  (Complaint, ¶ 11.) It is clear, however, that Kaufman called her more than once, thereby establishing a violation of this section.

Kaufman further violated the FDCPA by making multiple false representations to Fajer.  Section 1692e prohibits debt collectors from using false, deceptive, or misleading representations to collect a debt.  The statute provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney;

3

> . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
> . . .
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Fajer alleges that Kaufman violated 15 U.S.C. §§ 1692e, 1692e (3), 1692e (5), 1692e (7), and 1692e (10) by its agent falsely representing himself to be an attorney, by threatening Fajer with criminal charges and legal action, and by failing to disclose its identity as a debt collector. (Complaint, ¶¶ 19 (h)–19 (m).) Based on the undisputed facts taken as true, this Court finds that Kaufman violated 15 U.S.C. §§ 1692e, 1692e (3), 1692e (7), and 1692e (10), as alleged. But because the complaint does not contain allegations that Kaufman would not or did not commence legal proceedings against Fajer, no conduct is alleged to support a § 1692e (5) claim.

Kaufman's communication to a third party that it would "come after" Fajer for payment of the debt violated § 1692b, which limits a debt collector's contact with third parties to acquiring location information. The debt collector must identify himself, disclose that he is calling to confirm the consumer's location information, and, only if expressly asked, identify his employer. See 15 U.S.C. § 1692b (1). This section further limits a debt collector's contact with individuals other than the consumer to one contact, except for certain circumstances. See 15 U.S.C. § 1692b (3). And except as provided in § 1692b,

§ 1692c (b) limits the individuals a debt collector may contact to the consumer, her attorney, a consumer reporting agency, the creditor, the creditor's attorney, and the debt collector's attorney.

Fajer recites the statutory language to allege that Kaufman violated 15 U.S.C. §§ 1692b (1), 1692b (3), and 1692c (b). (Complaint, ¶¶ 19 (a), 19(b), 19(e).) But because there is no factual allegation or evidence that Kaufman failed to provide proper disclosures when communicating with the third party, that it called the third party more than once, or that the third party was *not* one of the permitted individuals that a debt collector may contact, this Court finds no violation of §§ 1692b (1), 1692b (3), and 1692c (b).

Kaufman's call to Fajer at her workplace after being told by Fajer not to call her there violated § 1692c, which prohibits debt collectors from communicating with a consumer regarding debt collection "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." See 15 U.S.C. § 1692c (a)(3). Fajer also alleges that Kaufman violated 15 U.S.C. § 1692c (a)(1) by "calling at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 a.m. or after 9:00 p.m." (Complaint, ¶ 19 (c).) But because there is no allegation or evidence that Kaufman called Fajer before 8:00 a.m. or after 9:00 p.m., this Court finds no violation of § 1692c (a)(1).

Kaufman also violated § 1692f by seeking payment from Fajer of an amount greater than her actual debt. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. The unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges

5

violate other sections of the FDCPA. See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). Here, Fajer properly alleges that Kaufman's attempt to collect an amount not "expressly authorized by the agreement creating the debt" violated only 15 U.S.C. § 1692f(1). (Complaint, ¶ 19 (o).)

Accordingly, liability under the FDCPA is established.

**C.      Damages**

Fajer seeks only statutory damages.[2] Section 1692k (a)(2)(A) of Title 15 authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, and the extent to which the debt collector's noncompliance was intentional. See 15 U.S.C. § 1692k (b)(1).

Here, Fajer requests the statutory maximum of $1,000 in damages, which is excessive. The record is bare of specific factual allegations regarding the frequency or persistence of Kaufman's noncompliance. (Complaint, ¶¶ 11–18.) Kaufman is deemed to have admitted calling Fajer more than once, improperly communicating with a third party about Fajer, calling Fajer at her workplace despite being told not to call her there, making multiple false representations to Fajer, and seeking payment of an unauthorized amount.

---

[2] In her Complaint, Fajer initially sought judgment for actual damages, based on suffering emotional injuries as a result of Kaufman's conduct. (Complaint, Exhibit A.) In the instant Motion for Default Judgment, however, Fajer seeks judgment in an amount representing only statutory damages and attorney's fees and costs. Therefore this Court will deem Fajer's claim for actual damages to be abandoned.

6

Although these acts violate the FDCPA, they are not so persistent or egregious as to warrant the statutory maximum penalty. Given these circumstances, Fajer will be awarded $500 in statutory damages, pursuant to § 1692k (a)(2)(A). See Barksdale v. Global Check & Credit Servs., LLC, No. 09-CV-1034A, 2010 WL 3070089, at *2 (W.D.N.Y. Aug. 4, 2010) (awarding plaintiff $500 in statutory damages where defendant made harassing calls on more than one occasion, made empty threats of litigation and arrest, and failed to provide required debt validation information); Annis v. E. Asset Mgmt., LLC, No. 08-CV-458S, 2010 WL 1035273, at *5 (W.D.N.Y. Mar. 18, 2010) (awarding $1,000 in statutory damages where defendant's violations of the FDCPA included four months of calling plaintiff almost daily, threatening unintended litigation, and targeting both the plaintiff and her family).

### D. Attorney's Fees and Costs

The FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").

In Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,[3] the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In particular, the court sought to reconcile the "lodestar" method of determining fees (the product of the attorney's usual hourly rate and the number of hours billed, subject to adjustment based on case-specific

---

[3] 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008).

considerations to arrive at a "reasonable fee"), with the method developed in Johnson v. Georgia Highway Express, Inc.[4] (which considered twelve specific factors to arrive at the "reasonable fee"). Arbor Hill, 493 F.3d at 114. "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.'" Simmons, 575 F.3d at 174.

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables that the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citations and quotations omitted). After Arbor Hill, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118.

To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the

---

[4] 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989).

experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717–19.

Finally, a district court must consider that a client may be able to negotiate with his or her attorneys, based on their desire for the reputational benefits that could accrue from being associated with the case. Arbor Hill, 493 F.3d at 118.

This method of reasonable fee calculation has been used in this district to determine appropriate fees in FDCPA cases. See, e.g., Robbins v. Viking Recovery Servs. LLC, No. 09-CV-1030A, 2010 WL 1840318, at *3–4 (W.D.N.Y. May 7, 2010); Mostiller v. Chase Asset Recovery Corp., No. 09-CV-218A, 2010 WL 335023, at *4–5 (W.D.N.Y. January 22, 2010); Estay v. Moren and Woods LLC, No. 09-CV-620A, 2009 WL 5171881, at *3–4 (W.D.N.Y. December 22, 2009).

Here, Fajer's lawyers, all of whom practice outside of this district, have submitted affidavits and detailed time records in support of their fee request of $1,673.00. Attorney Adam Krohn claims 2.0 hours at $394 per hour; Attorney Adam Hill claims 2.1 hours at $225 per hour; a paralegal claims 3.3 hours at $125 per hour. (Motion for Default Judgment, Exhibit C.) Fajer also seeks recovery of $361.61 in costs and $750 in anticipated collection costs.

The time expended for prosecution of this case appears reasonable. But the hourly rates claimed are excessive for this district. Because this case involves out-of-district counsel, this Court must consider the "forum rule" to determine reasonable fees. See Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC, 688 F. Supp. 2d 216, 223 (W.D.N.Y. 2010). The "forum rule" dictates that courts "should generally use 'the hourly

9

rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee.'" Arbor Hill 493 F.3d at 119 (quoting In re "Agent Orange" Prod. Liability Litig., 818 F.2d 226, 232 (2d Cir. 1987)). Unless it is established that a reasonable client would have selected out-of-district counsel because doing so would likely produce a substantially better result, the prevailing fee in the district is presumptively reasonable. See Simmons, 575 F.3d at 175–76.

Here, there has been no showing that retaining out-of-district counsel was necessary to likely produce a substantially better result. Nothing about this case distinguishes it from the many other FDCPA cases filed in this district. Accordingly, this Court finds that the prevailing rates in this district are presumptively reasonable. Rates of $215 for a partner and $175 for an associate with experience and expertise in FDCPA cases have been approved in this district as reasonable hourly rates for cases of this kind. See Mostiller, 2010 WL 335023, at *5; Berry v. Nat'l Fin. Sys., Inc., No. 08-CV-18A, 2009 WL 2843260, at *6 (W.D.N.Y. Aug. 27, 2009); Miller v. Midpoint Resolution Group, LLC, 608 F. Supp. 2d 389, 395 (W.D.N.Y. 2009).

Given their experience, Krohn will be compensated at $215 per hour and Hill will be compensated at $175 per hour. See Proctor v. PMR Law Group, No. 09-CV-1028S, 2010 WL 4174723, at *5 (W.D.N.Y. Oct. 25, 2010) (compensating Krohn at $215 per hour and Hill at $175 per hour); Taylor v. Morgan Stone & Assocs., LLC, No. 09-CV-827S, 2010 WL 1816675, at *5 (W.D.N.Y. May 4, 2010) (same). The paralegal rate will be reduced to $75 per hour. See Proctor, 2010 WL 4174723, at *5 (setting paralegal rate at $75 per hour); Disabled Patriots, 688 F. Supp. 2d at 226.

Accordingly, this Court awards $430 for Krohn's 2.0 hours at $215 per hour, $367.50

for Hill's 2.1 hours at $175 per hour, and $247.50 for the paralegal's 3.3 hours at $75 per hour, for a total fee award of $1,045. This Court finds $1,045 to be a presumptively reasonable fee given the facts and circumstances of this case. Further, this Court finds reimbursement of the $361.61 in costs to be proper. The Court declines to award costs that Fajer has not yet incurred (i.e., anticipated collection costs).

## IV. CONCLUSION

For the foregoing reasons, Fajer's Motion for Default Judgment is granted. Fajer is awarded $500 in statutory damages, $1,045 in attorney's fees, and $361.61 in costs, for a total award of $1,906.61.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 6) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiff against Defendant in the amount of $1,906.61, with apportionment consistent with the foregoing decision.

FURTHER, that the Clerk of the Court shall close this case upon entry of judgment.

SO ORDERED.

Dated:   January 28, 2011
         Buffalo, New York

                                                    /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                        Chief Judge
                                                 United States District Court